JOURNAL ENTRY AND OPINION
Jesse Barnes appeals from a common pleas court judgment entered pursuant to a jury verdict finding him guilty of felonious assault in connection with an altercation between himself and his landlord, Raymond Hudson, during which he slashed Hudson's face with a box cutter. On appeal, Barnes raises four assignments of error contending that the court erroneously denied his request for a jury instruction on the lesser included offense of aggravated assault; that it considered testimony from an earlier case against him in imposing sentence; that the prosecutor's comments during cross-examination denied him a fair trial; and that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. After careful review, we reject these contentions and affirm the judgment of the trial court.
The record reveals that around 11:30 p.m. on August 25, 1998, Barnes discovered that he did not have a key to his apartment at 10528 Morrison Avenue, Cleveland, Ohio, and awoke Hudson who lived in another apartment in the building to obtain a spare key. Hudson answered the door, noticed an odor of alcohol on Barnes, and advised Barnes that he did not have a spare key. At that point, Barnes indicated he wanted to discuss what Hudson intended to do about the city's removal of three unplated vehicles which Barnes had parked on a vacant lot adjacent to the apartment building. Hudson left his apartment and sat on the porch, but indicated he did not intend to do anything about the cars. At this point, the evidence is disputed. Hudson claims that Barnes, who is six inches taller and one hundred pounds heavier than he is, pointed a finger at him, and he slapped it away. Thereafter, Hudson claims Barnes punched him in the face with a closed fist, knocking out two of his bottom teeth. They began to wrestle, and Hudson choked Barnes and moved him to the porch railing in an effort to throw him over; Barnes produced a box cutter and slashed Hudson's face across his forehead and under his right eye. Hudson received seven stitches, causing a permanent scar. Barnes claimed that he punched Hudson and produced the box cutter in self-defense because Hudson had choked him and tried to throw him off the porch.
Hudson, upon returning to his apartment, called police and Officer Reginald Smith arrived, observed blood, a cut on Hudson's face, and missing teeth. Smith then proceeded to Barnes' apartment, and when he answered the door, Smith smelled alcohol and noticed that Barnes did not have any injuries. Officers Vincent Seminatore and Keith Murphy then arrested Barnes. Seminatore did not notice any injuries to Barnes, but did recover the box cutter from the floor of the porch.
On April 14, 1999, a grand jury indicted Barnes for felonious assault. At trial, the state presented four witnesses who testified to the events surrounding that evening. After the state rested, the defense moved for acquittal based on the cross-examination and testimony presented at trial. The court denied the motion, and the defense then called Barnes. He testified that Hudson initiated the fight, that he punched Hudson, and that he pulled a box cutter out of his pocket in self-defense. The defense rested and requested an instruction on aggravated assault as a lesser included offense of felonious assault, which the court denied; however, the court did instruct the jury on self-defense. Following deliberation, the jury found Barnes guilty of felonious assault, as charged in the indictment.
Thereafter, the court imposed a seven-year prison term. Barnes appeals from that judgment and raises four assignments of error for our review. The first states:
 I. THE COURT ERRED IN REFUSING TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT.
Barnes alleges that he presented evidence of serious provocation occasioned by Hudson, that the court should have instructed the jury on aggravated assault, and that the court's failure to provide that instruction to the jury constituted prejudicial error.
The state urges that the court properly declined to give this instruction because aggravated assault is not a lesser included offense of felonious assault, but rather an inferior offense which requires credible evidence of serious provocation to be presented by the defendant.
The issue concerns whether the trial court should have instructed the jury on the offense of aggravated assault.
We begin by reviewing the elements of the offenses of felonious assault and aggravated assault. R.C. 2903.11 defines felonious assault as knowingly causing serious physical harm to another or causing physical harm by means of a deadly weapon. R.C.2903.12 defines aggravated assault and differs from felonious assault only in that it occurs while under the influence of sudden passion or in a sudden fit of rage, brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force.
In State v. Deem (1988), 40 Ohio St.3d 205, the court stated in its syllabus:
 An offense is an "inferior degree" of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements. * * *.
* * *
 Aggravated assault, * * * contains elements which are identical to the elements defining felonious assault, * * * except for the additional mitigating element of serious provocation. Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. * * *.
Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. * * *. (Emphasis added.) Here, Barnes did not present sufficient evidence of serious provocation to warrant a jury instruction on the elements of aggravated assault. The record indicates that Barnes initiated the altercation: He awoke Hudson to obtain a spare key to his apartment; he then asked Hudson to step onto the porch to discuss vehicles which the city had removed from an adjacent lot; he put his finger in Hudson's face, which he slapped away; and then Barnes punched Hudson knocking out two teeth. In addition, Barnes introduced a weapon into the fist fight and slashed Hudson's face with it. For these reasons, this assignment of error is not well taken, and it is overruled.
 II.
THE COURT ERRED BY CONSIDERING TESTIMONY HEARING IN MR.
 BARNES' PREVIOUS CASE FOR THE PURPOSE OF SENTENCING WHEN MR. BARNES HAD BEEN ACQUITTED OF THE CHARGE WITH WHICH HE HAD BEEN INDICTED IN THE PREVIOUS CASE.
Barnes challenges his sentence and seeks to have it vacated because he claims the court in imposing sentence improperly considered evidence from an earlier case in which Barnes had been acquitted. The state maintains Barnes is precluded from an appeal of his sentence because he received less than the maximum term of incarceration. The issues then concern whether Barnes can appeal and whether the court considered evidence from a previous case in which Barnes was acquitted when imposing sentence in this case. We begin by noting that R.C. 2953.08 states in part:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 (1) The sentence consisted of or included the maximum prison term allowed for the offense * * *.
In this case, the court sentenced Barnes to a term of seven years, which is not the maximum sentence. In accordance with R.C.2953.08, Barnes is not permitted to appeal his sentence.
Regarding whether the court considered evidence from a previous case, the court stated at sentencing:
 I listened to the testimony in this case. I listened to the testimony in the other case. So the Court is very aware with your conduct, Mr. Barnes; you are a very angry man. You take that anger out on people, do not know how to control yourself.
The reference by the court to another matter which resulted in an acquittal is improper; clearly, the statutes set for the relevant considerations for the court in imposing sentence. However, based on our review of the transcript and the record, nothing about the court's comment or its sentence suggests unfair prejudice to Barnes in connection with the seven-year sentence imposed by the court in this case. Accordingly, we reject his assignment of error.
 III. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT WHICH SUBSTANTIALLY PREJUDICED AND MISLED THE JURY.
Barnes claims the court denied him a fair trial when the prosecutor expressed his personal beliefs concerning Barnes' guilt during cross-examination. The state contends it questioned Barnes as to his state of mind and on the issue of self-defense. The issue concerns whether the prosecutor's questions during cross-examination denied Barnes his constitutional right to a fair trial.
In State v. Mason (1998), 82 Ohio St.3d 144, the court stated:
 Determination of whether improper remarks constitute prejudicial prosecutorialmisconduct requires analysis as to (1) whether the remarks were improper and, (2) if so, whether the remarks prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13
* * *.
In State v. Benge (1996), 75 Ohio St.3d 136, the court stated:
 Thus, it falls within the sound discretion of the trial court to determine the propriety of these arguments. * * *. A conviction will be reversed only where it is clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would not have found appellant guilty. * * *. (Citations omitted.)
In this case, the prosecutor asked Barnes the following on cross-examination:
 Q. Sir, you are indicating that you were nearly to use your words, choked to the point where you were gasping for air and viscously [sic] assaulted, and you defended yourself, but you didn't think to call the police?
A. No, I didn't.
 Q. Isn't it a fact you didn't call the police, sir, because none of that ever happened? You were not being choked, and you assaulted a man, in a viscous [sic] manner, and you didn't call the police because you knew you were guilty —
MR. ROBEY: Objection
 A. No THE COURT: Overruled. MR. ROBEY: to the form of that question — THE COURT: Overruled.
Here, the record reveals that at this point in the cross-examination, the prosecutor appears to have made a statement instead of formulating questions. This is not a proper part of cross-examination. Thus, in the court's view, the inflection of the words may have suggested a statement to which an answer would have been required. From this record, we cannot conclude the cross-examination of Barnes prejudicially affected his rights or as expressed in Benge, the jury would not have found him guilty but for this statement. Accordingly, this assignment of error is not well taken.
 IV. THE JURY'S DECISION FINDING THE DEFENDANT GUILTY OF FELONIOUS ASSAULT WAS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE EVIDENCE WAS OVERWHELMING THAT MR. BARNES HAD ACTED IN SELF DEFENSE.
Barnes claims his conviction is not supported by sufficient evidence, it is against the manifest weight of the evidence because he presented overwhelming evidence of self-defense, and he asserts the state failed to prove the elements of felonious assault beyond a reasonable doubt. The state maintains that it proved the elements of this crime.
The issues concern whether the felonious assault conviction is supported by sufficient evidence, whether it is against the manifest weight of the evidence, and whether Barnes presented compelling evidence of self-defense.
The tests for sufficiency of the evidence and manifest weight of the evidence are different. Sufficiency is a judicial determination made at the close of the state's case-in-chief, while manifest weight is to be resolved at the close of all of the evidence and concerns whether the jury lost its way and created a manifest miscarriage of justice.
The test for sufficiency of the evidence is enumerated in Crim.R. 29(A) which states in relevant part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.* * *.
In State v. Martin (1983), 20 Ohio App.3d 172, the court addressed sufficiency of the evidence stating:
 * * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. (Citations omitted.)
In order to prove felonious assault, the state assumed, as stated in the indictment, the burden to prove that Barnes knowingly caused serious physical harm to Hudson.
 R.C. 2901.01(A)(5) defines serious physical harm and includes [a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement * * *.
In this case, the state established in its case-in-chief that Barnes awoke Hudson around 11:30 p.m. on the date of this incident. He engaged in a discussion about the removal of his vehicles from a vacant lot, and he wanted to know what Hudson intended to do about it. After Hudson told Barnes he would do nothing about his vehicles, Barnes punched Hudson in the face and knocked out two of his bottom teeth. They began to wrestle, and Barnes used a box cutter and slashed Hudson, cutting him across the forehead and under his right eye, causing a permanent scar.
Upon review and after viewing this evidence and the reasonable inferences in a light most favorable to the state, we have concluded that the trial court properly denied Barnes' motion for acquittal because a rational trier of fact could have found all the essential elements of felonious assault beyond a reasonable doubt.
Turning to manifest weight, in Martin, the court stated:
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *. (Citations omitted.)
To properly consider this claim, we review the evidence offered by the defense to determine whether the conviction is against the manifest weight of the evidence. In this case, Barnes asserted that he acted in self-defense. In Martin v. Ohio (1987),480 U.S. 228, the court ruled that Ohio may place the burden of proving self-defense upon the accused which is codified in R.C.2901.05 and states:
 (A) * * *. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.
In this case, the record reflects Barnes testified that he punched Hudson and waved a box cutter in front of Hudson to get him away. Further Barnes testified that Hudson punched him first and attempted to throw him over the porch railing. This testimony is disputed in the record by Hudson who claimed that Barnes instigated the altercation. At the close of all of the evidence, the court instructed the jury on the elements of self-defense and the burden of proof for that defense; however, the jury rejected this defense and returned a verdict of guilty for the crime of felonious assault.
After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we have determined that in resolving this conflict, the jury did not create a manifest miscarriage of justice. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
LEO M. SPELLACY, J., JAMES D. SWEENEY, J., CONCUR
TERRENCE O'DONNELL, PRESIDING JUDGE